# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| AARON SANDERS and JULIE SANDERS, Individually and as Next Friends of E.S., a Minor; J.S.; a Minor, W.S., a Minor, and A.S., a Minor, | § § § § § | CIVIL ACTION |
| **Plaintiffs,** | § § | |
| v. | § § | Case No.: 1:20-cv-01257-LY |
| POLARIS INDUSTRIES, INC.; POLARIS INDUSTRIES, INC.; and POLARIS SALES INC., | § § § § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER TO THE DISTRICT OF COLORADO

Defendants move to dismiss this case for improper venue or to transfer. Polaris Industries Inc.[1] supports this motion as follows:

### I.   INTRODUCTION/BACKGROUND

This case arises from an off-road vehicle ("ORV")[2] accident in San Juan County, Colorado. ECF No. 1, ¶ 3.01. Plaintiffs, who reside in Lampasas County, Texas, allege that while riding in a Polaris ORV on a mountain road in Colorado, Plaintiff Aaron Sanders lost control of the vehicle, slid off the road, and crashed, injuring himself and the other Plaintiffs. *Id.*, ¶¶ 1.01-1.06; 3.03. Plaintiffs allege that a simultaneous failure of the ORV's brakes and steering system, while navigating a "curve in the roadway," caused the accident. *Id*. Although the accident occurred

---

[1] Although Plaintiffs have sued multiple "Polaris" entities, Defendant Polaris Industries, Inc. is the proper party.

[2] Plaintiffs were operating a 2017 Polaris Ranger XP, an off-road vehicle with side-by-side seating. ECF No. 1, ¶¶ 3.01-3.02.

1

nearly 1,000 miles from this courthouse, Plaintiffs erroneously state venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to a negligence claim purportedly occurred in this District. Plaintiffs are wrong.

*No* material event occurred in the District. The accident did not occur here. Polaris does not reside here. And Plaintiffs do not even claim that they purchased the ORV here. Plaintiffs omit where they purchased the ORV—almost certainly because it was not in this District. Instead, Plaintiffs' pleaded connections to the District are sparse—not "substantial": (1) Plaintiffs reside in Lampasas County, Texas, which is irrelevant for venue analysis; and (2) the headquarters for the ORV dealership is in this District (not the dealership itself), which is irrelevant to claims against Polaris. Because Plaintiffs fail to plead relevant facts supporting venue, venue is improper, and the Court should dismiss or transfer the case to the appropriate venue: the District of Colorado.

## II.     LEGAL STANDARD

Under Rule 12(b)(3), "[t]he defendant need only raise the issue of improper venue, and the burden of proof to sustain venue is placed upon the plaintiff." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials, Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013) (internal citation omitted). Thus, Plaintiffs carry the burden to "show that venue is proper by 'setting forth facts that taken as true would establish venue.'" *Id.* at 719 (quoting *Bigham v. Envirocare of Utah, Inc.*, 123 F.Supp.2d 1046, 1048 (S.D.Tex.2000)). If venue is improper, § 1406(a) instructs district courts to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer lies within the district court's discretion. *See id.* at 720 (citing *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967)).

### III.     ARGUMENT

**A. Plaintiffs Fail to Allege that Venue is Proper in this District.**

Like personal jurisdiction, venue is "designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979). Thus, for venue to be proper under § 1391(b)(2) "a substantial part of the events or omissions giving rise to the [plaintiffs'] negligence claim must have occurred here [in the Western District of Texas]." *Schuller v. Shah*, EP-07-CA-335-FM, 2008 WL 11417060, at *4 (W.D. Tex. Feb. 21, 2008) (rejecting venue because plaintiff received medical treatment in the Western District of Texas). "The [28 U.S.C. § 1391(b)(2)] venue determination focuses on the relevant activities of the defendant, not the plaintiff." *Brush Creek Trading Co. v. Zoes*, No. CIV.A.SA-05-CA1169XR, 2006 WL 1169577, at *1–3 (W.D. Tex. Apr. 13, 2006). Plaintiffs' two cited jurisdictional facts, however, have no connection to Polaris.

**1) Plaintiffs' Residency Does Not Establish Proper Venue.**

Plaintiffs' reliance on their residency in Lampasas County is irrelevant to any venue analysis. This Court has repeatedly rejected assertions of venue based on plaintiff's residency. *See Lalla v. G&H Towing Co.*, No. CV SA-19-CA-0542-FB, 2019 WL 11626516, at *1 (W.D. Tex. July 26, 2019) ("Venue is not [ ] established in the Western District of Texas based only on plaintiff's decision to reside in Kerr County…"; *see also Gault v. Yamunaji, L.L.C.*, No. A-09-CA-078-SS, 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009) ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district."). Accordingly, Plaintiffs' in-District residency is insufficient to establish venue.

3

### 2) The Location of the ORV Dealership Headquarters Is Also Irrelevant.

Plaintiffs also state that venue is proper because the ORV "was purchased *through* Hoffpauir Incorporated [a non-party], **which is headquartered** in Lampasas County." ECF No. 1 at ¶ 2.02 (emphasis added). To be clear, Plaintiffs do not claim to have purchased the ORV in Lampasas County—only that the dealership's corporate headquarters are located there. Plaintiffs do not assert any claim arising from the ORV sale, nor could a such claim be permissible under Texas law against a non-manufacturing seller. *See* TEX. CIV. PRAC. & REM. CODE § 82.003. Nor do Plaintiffs claims what—if any—event or omission arose from the dealership's corporate headquarters that was in any way connected to the accident, much less "substantially" so. 28 U.S.C. § 1391(b)(2); *Schuller*, 2008 WL 11417060, at *4. Thus, the location of the ORV dealership's corporate headquarters is not the "substantial" event necessary to establish venue.

### B. Venue is Proper Where the Accident Occurred—The District of Colorado.

Because this District is an improper venue, the Court may exercise its discretion and either (1) dismiss the case or (2) in the interests of justice transfer this case to an appropriate venue. 28 U.S.C. § 1406(a); *Tejas Concrete*, 982 F. Supp. 2d at 720. Plaintiffs' Complaint demonstrates that venue is proper in Colorado, where the most "substantial part of the events or omissions giving rise to" Plaintiffs' claims—the accident—occurred. "The importance of the place where the alleged wrong was committed is central to any venue analysis." *QES Pressure Control LLC v. Zurich Am. Ins. Co.*, No. 4:20-CV-50-DC-DF, 2020 WL 6821335, at *3 (W.D. Tex. Aug. 21, 2020) (citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075-76 (9th Cir. 2001) (holding that where plaintiff suffers their harm is where a substantial part of the events giving rise to the claim occurred)); *Ortiz v. Robert Holman Trucking, Inc.*, No. B-06-020, 2006 WL 1098904, at *2 (S.D. Tex. Apr. 11, 2006) ("Courts have held that the place where an accident occurred is a proper venue."); *Harrison v. McDonald's Mgmt. Co.*, 2011 WL 2036443 *1 (S.D. Miss. 2011) ("Federal

courts within this circuit have consistently held that the situs of the accident is the location of proper venue, not where the plaintiff receives medical treatment, or where damages or adverse economic effects are suffered, including lost wages."); *Nadzam v. Broan-NuTone, LLC*, CV 20-6088-KSM, 2020 WL 7640929, at *4 (E.D. Pa. Dec. 23, 2020) ("The events giving rise to Nadzam's claims arose in the Western District of Pennsylvania where the subject property is located and the accident occurred.")

Should the Court exercise its discretion, it should transfer this case to the District of Colorado, where the accident occurred. The mountain trail that will play a central role throughout this case is in Colorado. And virtually all third-party witnesses with information about the accident and Plaintiffs' damages (including other ORV riders, first responders, and acute medical personnel) are in Colorado. Additionally, Colorado law will also apply to this dispute, making the District of Colorado the preferable venue for any transfer. *See In re: Matter of First River Energy, LLC, et al.*, 19-50646, 2021 WL 358168, at *8 (5th Cir. Feb. 3, 2021) ("Texas courts, as it happens, apply the Restatement (Second) of Conflicts of Law (1972)."); Restatement (Second) of Conflicts of Law § 156(2) (1971) ("The applicable law will usually be the local law of the state where the injury occurred.").

## IV.   CONCLUSION

Because no events or omissions by Polaris, much less a "substantial part of events or omissions giving rise to" Plaintiffs' claims, occurred in this District, venue is improper. The Court should either dismiss Plaintiffs' case or, under § 1406, transfer it to the District of Colorado.

Dated: February 15, 2021                           Respectfully submitted,

                                            McDowell Hetherington LLP

                                            By: */s/ David T. McDowell*
                                                David T. McDowell
                                                Texas Bar No. 24051009

>William D. Thomas
>Texas Bar No. 24083965
>1001 Fannin Street, Suite 2700
>Houston, Texas 77002
>Telephone:713-337-5580
>Facsimile: 713-337-8850
>david.mcdowell@mhllp.com
>william.thomas@mhllp.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this 15th day of February, 2021 via CM/ECF on all counsel of record.

>*/s/ David T. McDowell*
>David T. McDowell