**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AARON SANDERS and JULIE SANDERS, Individually and as Next Friends of E.S., a Minor; J.S.; a Minor, W.S., a Minor, and A.S., a Minor,** | § | **CIVIL ACTION** |
| **Plaintiffs,** | § | |
| **v.** | § | **Case No.: 1:20-cv-01257-LY** |
| **POLARIS INDUSTRIES, INC.; POLARIS INDUSTRIES, INC.; and POLARIS SALES INC.,** | § | |
| **Defendants.** | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER TO THE DISTRICT OF COLORADO**

Plaintiffs' Response not only fails to carry their straightforward burden—to demonstrate that a "substantial part of the events giving rise to the claim" occurred in the Western District of Texas—but it misapplies several inapplicable jurisdictional tests and then invents a new test for venue analysis.[1]

Plaintiffs' only District-specific response, discussing a limited set of irrelevant facts, begins at the bottom of page 16 and promptly concludes at the top of the next page. That Plaintiffs use so little space discussing the Motion's key issue—what occurred in this District—is telling. Plaintiffs concede, as they must, that the headquarters for the non-party dealership is insufficient to establish venue; that the non-party dealership sold the ORV in the Northern District of Texas; and "Colorado may be a proper venue." Because nothing of consequence occurred in this District, venue is

[1] Although Plaintiffs sued multiple "Polaris" entities, Defendant Polaris Industries, Inc. is the "Polaris" entity that is properly named.

improper, and the Court should dismiss. Moreover, Plaintiffs have not demonstrated that the "interests of justice" warrant transferring this case. However, if the Court is inclined to do so, Plaintiffs' Complaint dictates that the District of Colorado is the only proper venue for transfer.

**RESPONSE TO PLAINTIFFS' "FACTS SUPPORTING VENUE IN TEXAS"**

Because venue in this District is improper, Plaintiffs brazenly recharacterize Defendant's motion and set aside the applicable venue statute (28 U.S.C. § 1391) in favor of a new venue test: "should the case be heard in Texas or Colorado"? ECF No. 11, p. 2. A "statehood" test is improper, plain and simple. Venue is established by the judicial district, not statehood. *See* 28 U.S.C. § 1391. As the Court is well-aware, Texas has four judicial districts, and Colorado only one. Because Plaintiffs filed suit in this District, they must prove that venue can be maintained in this District. But rather than identify facts as to this District, Plaintiffs invoke their "statehood" test in discussing their "Facts Supporting Venue in ***Texas***."

Plaintiffs' table of "facts" are generally redundant, irrelevant, and plainly highlight events outside this District:

| Plaintiffs' "Texas" facts | Defendant's Response |
|---|---|
| "ORV was marketed in Texas." | Irrelevant since the ORV was sold in the **Northern District of Texas** and no facts allege improper marketing. |
| "ORV was distributed in Texas." | Plaintiffs admit that the ORV was distributed in the **Northern District of Texas**. |
| "ORV was sold in TX to TX residents." | Plaintiffs purchased the ORV in the **Northern District of Texas.** |
| "TX residents were injured" | As already briefed, that Plaintiffs reside in Texas is irrelevant to establish venue. ECF No. 7, p. 3. Plaintiffs were injured in the **District of Colorado**. |
| "Plaintiffs are TX residents" | Redundant of the prior, and irrelevant, venue fact. |

| | |
|---|---|
| "Defendants are TX residents for venue purposes." | False. Plaintiffs did not plead defendant residency as a basis for venue, and Defendant never conceded same. |
| "Key fact witnesses reside in TX" | Fact witness location is relevant to a § 1404 venue transfer analysis. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315-16 (5th Cir. 2008). But this is not a § 1404 motion, rendering this "fact" irrelevant for determining if venue is proper. Moreover, Plaintiffs admit that the first responders and initial healthcare providers are all in the **District of Colorado**. |
| "Key damage witnesses reside in TX" | Plaintiffs' "venue fact" is redundant of the above. Plaintiffs also admit that the first responders and initial healthcare providers are all in the **District of Colorado.** |
| "The ORV is located in TX." | That the vehicle was later returned to the **Southern District of Texas** is not a venue fact giving rise to Plaintiffs claims. |

ECF No. 11, p. 3. Plaintiffs' Complaint and briefing acknowledge the substantial connection to **Colorado**:

- "The incident made basis of this suit involves a family riding in an off-road vehicle while vacationing in **Colorado**." ECF No. 1, Complaint, ⁋ 3.01.
- The Plaintiffs were travelling on "County Road 9A in San Juan County, **Colorado**." *Id.*
- "The Ranger completely left the roadway… before landing upright on County Road 2" [in **Colorado**]. *Id.*, ⁋ 3.03.
- Plaintiffs seek damages as a "bystander to the injuries suffered…" by witnessing the incident in **Colorado**. *Id.*, ⁋ 5.02.
- Plaintiffs include a picture of the vehicle, not as it was purchased in Texas, but its condition following the incident in **Colorado**. *Id.*, ⁋ 3.03.
- Plaintiffs concede (as they must) that the first responders are located in **Colorado**. ECF 11, Response, pp. 3, 12-13, 17.
- Plaintiffs concede that the initial treating physicians are located in **Colorado**. *Id.*, p. 12.

Indeed, Texas is not mentioned once in the Complaint's recitation facts or causes of action—for good reason: a "substantial part of the events or omissions giving rise to the claim" did not occur in Texas, much less this District. Quite simply, Plaintiffs cannot discharge their burden to show substantial events or omissions in this District giving rise to Plaintiffs' claims.

## ARGUMENT

### A. Plaintiffs Fail to Prove that Venue is Proper in this District.

Plaintiffs' venue facts are sparse: (1) Plaintiffs reside in the Western District; and (2) "treating physicians reside within the Western District and other key fact and damage witnesses reside in the Western District." ECF No. 11, p. 16. But, as already discussed, these facts are irrelevant. *See* ECF No. 7 at p. 3.

Plaintiffs' authority is equally as sparse and unconvincing. Plaintiffs cite a First Circuit case, generally stating that the Court should examine the totality of events in determining venue. *See Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38 (1st Cir. 2001). But the *Uffner* court ultimately held that proper venue was at the locus of the accident, as Defendants argue here. *See id.* at 43 ("We conclude that . . . the jurisdiction where that loss occurred is 'substantial' for venue purposes."). Plaintiffs then inappropriately cite *Timberlake*, a Southern District of Texas case, where a defendant sought dismissal because venue was "improper" in the division, but proper in the district. *Timberlake v. Synthes Spine Co., L.P.*, CIV.A. V-08-4, 2008 WL 1836676, at *2 (S.D. Tex. Apr. 23, 2008). Here, Defendant is not seeking dismissal based on the division. Plaintiffs' only other citation is to *Munoz*, an out of district case that, as addressed below, is inapt.

Because Plaintiffs cannot carry their burden to show that a "substantial part of the events or omissions giving rise to the claim" occurred in this District, the case is ripe for dismissal.

### B. Plaintiffs did not plead resident-defendant venue under § 1391(b)(1), nor is it proper.

#### 1. *Munoz* is inapt.

Plaintiffs' Response heavily relies on *Munoz v. Toyota Motor Corp.*, CIV.A. C-11-170, 2011 WL 4000902 (S.D. Tex. July 20, 2011), and treats it as largely dispositive. It is not. First, unlike in *Munoz,* Plaintiffs did not plead § 1391(b)(1)—the resident defendant venue provision—as a basis for venue. Instead, Plaintiffs pleaded and exclusively rely on the "substantial events and

omissions" basis for venue, § 1391(b)(2), to which Defendant moved and argued in response. Second, Plaintiffs ignore that the TMS defendant in *Munoz* ***admitted*** that it resided in the Southern District of Texas—not that it waived venue in the District. *Id.*, *3 ("Further, TMS admitted during the initial pretrial conference in this matter held on July 20, 2011 that it resides in District for venue purposes."). There is no such admission here and certainly no waiver.[2] Finally, the *Munoz* Court *never* found that venue was proper under § 1391(b)(1). *Id.*, *4 ("Without more, the Court cannot conclude that venue is proper under Section 1391(a)(1)"). Far from dispositive, *Munoz* is inapt, as Plaintiffs never pleaded that Defendant resides in this District; Defendant never admitted or conceded venue; and *Munoz* never held venue was proper based on residency.

**2. Plaintiffs cannot satisfy the entire § 1391(b)(1) analysis.**

Although Plaintiffs did not plead §1391(b)(1) as a basis for venue, like in *Munoz*, it also would not apply, as Plaintiffs misconstrue the defendant-residency analysis. Here, Plaintiffs erroneously assert: "If the entity is a defendant, it is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction," citing 28 U.S.C. § 1391(c)(2). Not so. Plaintiffs ignore subsection (d), which states, "[I]n a State which has more than one judicial district [like Texas] and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that

---

[2] Plaintiffs cite no applicable authority to support their proposition that to challenge § 1391(b)(2) venue, a defendant must also file a motion to dismiss for lack of personal jurisdiction because otherwise it waives venue, as to § 1391(b)(1), in all four districts in Texas. Plaintiffs' waiver argument is incorrect and misreads the very case that Plaintiffs cite. The discussion on waiver in *Munoz* pertained to whether "all defendants resided in the same state," (not the district) which was why the court discussed whether defendant TMS raised a personal jurisdiction challenge before ultimately concluding it admitted that it was a resident of the district at the hearing. *Munoz,* 2011 WL 4000902, at *4. Plaintiffs' waiver argument makes little sense in the context of venue, especially in light of subsection (d), which Plaintiffs ignore, and is discussed below.

district were a separate state." 28 U.S.C. § 1391(d). Plaintiffs avoid a subsection (d) analysis, which would require them to prove not that personal jurisdiction exists in Texas (as they claim), but that personal jurisdiction would exist in the Western District of Texas if it were its own state.

Plaintiffs are, again, wrong on the relevant venue analysis. Because Plaintiffs do not "demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper"—under a venue provision that Plaintiffs did not even plead or assert—dismissal is warranted. *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 474 (W.D. Tex. 2016).

**C. Plaintiffs' § 1404 Analysis is Irrelevant.**

Plaintiffs not only attempt to maintain venue under a provision they did not plead, but they, again, invite the Court to apply the wrong venue test. Plaintiffs' opposition makes multiple references to convenience of the parties and factors under § 1404. However, all § 1404 arguments are irrelevant to establishing whether venue is proper in this District. "Rule 12(b)(3) and § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue. By contrast, when the action has been brought in a proper venue, section 1404 provides for transfer of the action within the federal system to another federal venue where the action could have been brought." *Blacklands R.R. v. N. Tex. Rural Rail Transp. Dist.*, 1:19-CV-250, 2019 WL 3613071, at *2 (E.D. Tex. Aug. 5, 2019) (quoting *In re Atl. Marine Const. Co., Inc*., 701 F.3d 736, 739 (5th Cir. 2012), *rev'd on other grounds*, 571 U.S. 49 (2013); *Lalla v. G&H Towing Co.*, No. CV SA-19-CA-0542-FB, 2019 WL 11626516, at *4 (W.D. Tex. July 26, 2019) ("Section 1404 operates on the premise that the plaintiff has properly exercised his venue privilege.").

Here, Defendant did not move to transfer under § 1404. Because "[t]he first question for this Court is whether venue is proper in the Western District of Texas," Plaintiffs cannot rely on a § 1404 analysis. *Id.* ("Because NETEX asserts that venue is improper in the Beaumont Division,

the court first considers § 1406 and Rule 12(b)(3)'s application before considering the relevance of the Operating Agreement [for § 1404 analysis]."). Thus, Plaintiffs cannot manufacture venue by misapplying a § 1404 "convenience" analysis.

**D. Plaintiffs Err in Claiming "The Location of the Injury" Is Not a "Very Important Factor."**

Plaintiffs' argument in subsection (B) begins with misplaced § 1404 authority (*CSIdentity Corp.*, *Uniloc USA Inc*., and *Mohamad*),[3] admits that "Colorado may be a proper venue," and concludes with a hodgepodge of arguments about why "Colorado is relatively unimportant." Specifically, Plaintiffs assert the ORV was returned to Texas, the purported convenience of the witnesses (i.e., the Plaintiffs) favors Texas, the accident could have occurred in the District (although this District has far fewer mountain trails than the District of Colorado), and a litany of other conclusory statements. There is no analytical framework for the Court to follow and none to which Defendant can respond, except to say Colorado is not "unimportant." There is no "unimportant" test for venue.[4] And, of course, the site of the accident is not "unimportant." *QES Pressure Control LLC v. Zurich Am. Ins. Co.*, No. 4:20-CV-50-DC-DF, 2020 WL 6821335, at *3 (W.D. Tex. Aug. 21, 2020) ("The importance of the place where the alleged wrong was committed is central to any venue analysis.").

[3] *CSIdentity Corp. v. New Equity Prod., Inc.*, 1:18-CV-00870-RP, 2021 WL 141239, at *1 (W.D. Tex. Jan. 15, 2021) ("Defendants now ask the Court to transfer venue of the case under 28 U.S.C. § 1404."); *Uniloc USA Inc. v. Box, Inc.*, 1:17-CV-754-LY, 2018 WL 2729202, at *1 (W.D. Tex. June 6, 2018) (Defendant sought transfer under § 1404); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) (discussing placed of injury as a § 1404 factor.).

[4] Even *Munoz* did not claim that place of the accident was an improper venue. *See Munoz*, 2011 WL 4000902, at *5.

**E. Plaintiffs Have Not Demonstrated that Transfer to the Northern District of Texas is in the "interest of justice" or proper.**

Plaintiffs' suggestion that the Court transfer this case to the Northern District of Texas also falls short for several reasons. First, "[t]ransfer pursuant to section 1406(a) is permitted when it is in 'the interest of justice.'" 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, (1962) (stating that § 1406(a)'s purpose is to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."). "Plaintiff[s] ha[ve] not demonstrated, however, how the interests of justice would favor transfer over dismissal. Plaintiff[s] do[] not make any argument that the statute of limitations would bar Plaintiff[s] from refiling [the] claims if the Court dismissed the action rather than transferred it." *Chicky Tackle, LLC v. Vallentine*, 6:18-CV-00063-RWS, 2018 WL 4286186, at *6 (E.D. Tex. Sept. 7, 2018). Here, Defendant suggests transfer to the District of Colorado, as an alternative to dismissal, should Plaintiffs carry their burden to demonstrate that the "interests of justice" warrant transfer. However, Plaintiffs do not—and cannot—identify any limitations issues or other impediments to refiling in a proper venue. *See Garcia v. Navika Capital Group, LLC*, A-15-CA-530-SS, 2015 WL 12940219, at *2 (W.D. Tex. Aug. 10, 2015) ("As already explained in the Order of June 18, 2015, dismissal of Garcia' s claims would potentially, if not likely, time-bar her from refiling."). Therefore, the "interest of justice" do not warrant transfer.

Moreover, Plaintiffs do not allege any facts demonstrating that the Northern District of Texas is, indeed, a proper venue, or specifically that "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* § 1391(b)(2). Plaintiffs' Response finally admits the obvious: the ORV was purchased in the Northern—not the Western—District of Texas., ECF 11, p. 18. However, the ORV sale is not a substantial part of the events giving rise to Plaintiffs' claims.

"'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) (*quoting Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408 (2d Cir. 2005). Plaintiffs never allege that the ORV's sale or marketing played any part in causing or contributing to the accident.[5] In other words, the marketing and sale is not a "substantial part of events giving rise" to the pleaded claims. Thus, the Northern District of Texas is an improper venue.

**F. The District of Colorado is the Only Proper Venue If the Court Transfers.**

If the Court does not dismiss for improper venue and the Court believes the "interests of justice" warrant transfer, Defendant requests transfer to the District of Colorado, where venue is proper. In support of its alternative request, Defendant demonstrated that venue is proper under § 1391(b)(2), as a "substantial part of events giving rise" to Plaintiffs' claim occurred in the District of Colorado. Defendant also noted that Colorado law will apply, as Colorado has the most significant relationship to the case. For purposes of the present motion though, the Court need not resolve the choice-of-law inquiry. Nevertheless, Plaintiffs' argument reiterates their mistaken contention that the case's connection to Colorado is "fortuitous." Plaintiffs are wrong yet again. *See Karavokiros v. Indiana Motor Bus Co.*, 524 F. Supp. 385, 389 (E.D. La. 1981) ("This is not a case where two parties with no connection with Louisiana whatsoever, happened to become involved in an accident.").

[5] Plaintiffs' inclusion of the website on Page 18 of their Response is dubious at best. No evidence suggests that Polaris (1) had anything to do with the website's making or publication, (2) that it existed before Plaintiffs' accident, or (3) that Plaintiffs' ever saw it. Though providing some color to their Response, it is irrelevant to the issues before the Court.

Here, Plaintiffs were not merely passing through Colorado, en route to another state, in their automobile when the accident occurred. *See Price v. Litton Sys., Inc.*, 784 F.2d 600, 605 (5th Cir. 1986) ("This case, therefore, is unlike those cases involving automobile trips or air travel extending over several states where the accident occurs in some state other than the state of origin or the state of destination."). Instead, Plaintiffs selected Colorado as a vacation site, traveled to Colorado, transported their ORV to Colorado to operate it on a Colorado trail, where the incident occurred. Colorado's connection to this case is not happenstance. When plaintiffs direct their behavior to a particular forum, courts hold that venue there is not "fortuitous." *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 140–41 (5th Cir. 1991) ("Allison's presence there was far from fortuitous, having worked there for five consecutive days..."); *Karavokiros*., 524 F. Supp. at 388–89 ("This is not a case where two parties with no connection with Louisiana whatsoever, happened to become involved in an accident. Plaintiff was in Louisiana as part of a work crew on a construction job in the state. Defendant's bus was operated in Louisiana as part of a chartered tour.").

**CONCLUSION**

Plaintiffs fail to carry their burden to independently prove that a "substantial part of the events or omissions giving rise to the claim" occurred in the Western District of Texas. Instead, Plaintiffs' Response downplays the significance of events in the District of Colorado, while omitting relevant venue facts for this District—as there are none. Furthermore, Plaintiffs' Response is littered with incomplete and inapplicable venue tests as well as a new "statehood" test that the Court should neither adopt nor apply. Accordingly, the Court should dismiss. Alternatively, if the Court finds that the interests of justice demand transferring this case to a different District, the District of Colorado is the only proper venue, as established through Plaintiffs' papers. Otherwise, the Court should dismiss.

Dated: March 18, 2021

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ David T. McDowell*
David T. McDowell
Texas Bar No. 24051009
William D. Thomas
Texas Bar No. 24083965
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:713-337-5580
Facsimile: 713-337-8850
david.mcdowell@mhllp.com
william.thomas@mhllp.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on this 18th day of March, 2021 via CM/ECF on all counsel of record.

*/s/ David T. McDowell*
David T. McDowell